UNITED STATES of America,
Plaintiff–Appellee,

v.

George Don GALLOWAY,
Defendant–Appellant.

Nos. 90–4008, 91–4189.

United States Court of Appeals,
Tenth Circuit.

May 13, 1992.

---

David J. Jordan, U.S. Atty., Salt Lake City, Utah, and Tena Campbell, Asst. U.S. Atty., on the brief, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, Denver, Colo., and Jill M. Wichlens, Asst. Federal Public Defender, on the brief, for defendant-appellant.

Before SEYMOUR and EBEL, Circuit Judges, and BROWN, Senior District Judge.

BROWN, Senior District Judge.*

This matter is before the court following our remand to the district court.[1] *See United States v. Galloway,* 937 F.2d 542 (10th Cir.1991). The facts of the case were set forth in our prior opinion and will not be repeated here. We remanded the case so that the district court could: (1) supplement the record with the findings upon which it based its decision to partially close the courtroom during the testimony of the complaining witness; (2) supplement the record with its findings under Rule 403, Fed.R.Evid. as to whether certain evidence was properly excluded; and (3) resentence the defendant in light of a sentencing error conceded by the government. The district court entered an order on October 21, 1991, setting forth its findings on the first two issues. The defendant was then resentenced.

■ This court subsequently granted the defendant-appellant's request to file a supplemental brief in Case Number 90-4008.

---

* The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

1. Neither party has requested oral argument and, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

In that brief, appellant argues that the district court's findings are not adequate to support the partial closure of the courtroom. The government has responded to the brief and contends that the court's findings are adequate.

The district court based the partial closure of the courtroom on the following factors:

1. The victim was 18 years old at the time of the offense;
2. She was still living at home with, and dependent on, her parents;
3. The alleged crimes involved sexual abuse and rape of the young victim;
4. Failure to partially close the trial could harm the victim in view of her age and the nature of the crimes charged;
5. The order of partial closure was narrowly drawn to preserve the right of the press and the defendant to a public trial, while still protecting the victim.

(Dist.Ct. Findings of Fact at 2.) In view of these factors, the court concluded that the United States interest in protecting the victim outweighed defendant's right to a public trial. *Id.* at 3.

We have considered the factors cited by the district court in its decision to partially close the courtroom, and we conclude that the defendant's sixth amendment right to a public trial was not violated by the court's order. The district court noted that the complaining witness in this case was eighteen years old at the time of the offense and that she was living with and was dependent upon her parents. The court further concluded that the failure to partially close the trial could harm the witness in light of the nature of the offense and the victim's age. These findings indicate the court was concerned that this particular witness was susceptible to harm from testifying about the offense in a courtroom open to the general public. We do not interpret the court's findings as applying a "blanket rule" that such a closure would be appropriate in all sex offense cases involving young victims. The particular nature of the allegations of sexual abuse in this case and the victim's susceptibility to harm were considered by the court in making its

determination. *Cf. Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). The district court's findings in this case support the conclusion that the United States had a substantial interest in protecting the complaining witness. *Cf. Davis v. Reynolds,* 890 F.2d 1105, 1109 (10th Cir.1989).

We note that the district court narrowly tailored its order of partial closure to serve the interest outlined above. The order sought to exclude only the "curious" from hearing the complaining witness's testimony. The order provided that the defendant, his attorney, his relatives, the relatives of the complaining witness, courtroom personnel and the press could all remain in the courtroom during this testimony. The exceedingly narrow scope of this order minimized any danger arising from the closure of the courtroom to the general public. We conclude that the district court's order partially closing the courtroom was proper.

■ We have also reviewed the district court's findings of fact as they relate to the exclusion of evidence of birth control pills found in the complainant's purse. We agree with the district court that, under appellant's theory, the probative value of this evidence was limited to the fact that it may have precipitated a family dispute. The district court allowed evidence of the dispute to come in but excluded evidence of the pills as an unwarranted intrusion on the victim's private life. The court also indicated that such evidence might confuse or mislead the jury in its consideration of the evidence. Under the circumstances, we find that the district court did not abuse its considerable discretion under Rule 403 in excluding this evidence.

### No. 91–4189.

In No. 91–4189, appellant contends that the sentence imposed by the district court was based on a misapplication of the sentencing guidelines. After the case was remanded, the district court determined the defendant's adjusted offense level under the guidelines to be 35. The defendant's criminal history category was VI, resulting in a guideline range of 292 to 365 months.

The court sentenced the defendant to 365 months imprisonment. Appellant argues that the sentence was in error because the court incorrectly determined his adjusted offense level. The parties agree that the issue presented is a question of law that this court reviews *de novo. United States v. Walker,* 931 F.2d 631, 634 (10th Cir. 1991).

Guideline § 2A4.1 is the basic provision applicable to the offense of kidnapping. It carries a base offense level of 24. At the time the offense in this case was committed, § 2A4.1(b)(5) provided:

> If the victim was kidnapped, abducted, or unlawfully restrained to facilitate the commission of another offense: (A) increase by four levels; or (B) if the result of applying this guideline is less than that resulting from application of the guideline for such other offense, apply the guideline for such other offense.

In this case, the defendant concedes that the victim was kidnapped to facilitate the commission of two other offenses: sexual abuse and extortion. The application of the kidnapping guideline to the defendant's offense would have resulted in an adjusted offense level of 30. (A base offense level of 24, with a two-level enhancement for use of a dangerous weapon and a four-level enhancement because the victim was kidnapped to facilitate the commission of another offense.) Under the guideline for sexual abuse, U.S.S.G. § 2A3.1, the adjusted offense level for this offense would be 35. (A base offense level of 27, with a four-level enhancement for display of a dangerous weapon and a four-level enhancement because the victim was abducted.) Citing subsection (B) of § 2A4.1(b)(5), the district court applied the sexual abuse guideline to the defendant's offense because the offense level was higher under that guideline than it would have been under the kidnapping guideline.

■ Appellant makes two arguments in support of his contention that the district court misapplied the guidelines. First, appellant contends that the rule of lenity requires that the court apply the guideline for kidnapping rather than the one for sex-

ual abuse. He bases this argument on the proposition that subsection (B) of § 2A4.1(b)(5) is ambiguous under the facts of this case because the kidnapping facilitated two other offenses—sexual abuse and extortion—one of which carries a higher offense level than kidnapping and one of which is lower. The ambiguity exists, according to appellant, because it is not clear under subsection (B) whether the guideline for the higher or the lower offense should be considered. Appellant argues that subsection (B) is unclear as to which "other offense" should be considered in these circumstances.

We find that § 2A4.1(b)(5) is not ambiguous. When a victim is kidnapped in order to facilitate the commission of another offense, § 2A4.1(b)(5) directs the sentencing court to apply the guideline with the higher offense as between the kidnapping guideline and the guideline for the other offense. The background notes to § 2A4.1 explain:

> An enhancement is provided when the offense is committed for ransom or to facilitate the commission of another offense. Should the application of this guideline result in a penalty less than the result achieved by applying the guideline for the underlying offense, apply the guideline for the underlying offense (*e.g.* § 2A3.1, Criminal Sexual Abuse).

The Sentencing Commission's intent to apply the higher of the two guidelines is unmistakable. This result is not changed by the fact that the defendant commits two offenses in connection with the kidnapping. The fact that a defendant may have committed a second additional offense cannot relieve him from responsibility for the more serious of the offenses. If that were the case, a defendant would receive a benefit from the fact that he chose to commit an additional offense. Such a result is illogical and would be contrary to the plain language of § 2A4.1(b)(5).

■ Appellant's second argument is that the four-level enhancement for abduction of the victim (§ 2A3.1(b)(5)) was improperly added to his offense level. He contends that such an enhancement amounts to cumulative punishment because abduction of

the victim is inherent in the crime of kidnapping. He insists there is no indication that the Sentencing Commission intended this enhancement to be applied in a kidnapping case.

The district court properly determined the defendant's offense level under the guidelines. There is no question here that the kidnapping was used to facilitate the commission of the offense of sexual abuse. Section 2A4.1, the basic guideline provision for kidnapping, directs the sentencing court to apply the guideline for "such other offense" when the victim is kidnapped to facilitate the commission of the other offense. This includes the enhancements found in the guideline for the other offense. As the government points out, U.S.S.G. § 1B1.5 clearly describes the Sentencing Commission's intended method of implementing cross references in the guidelines. That section states:

> Unless otherwise expressly indicated, a reference to another guideline, or an instruction to apply another guideline, refers to the entire guideline, *i.e.*, the base offense level plus all applicable specific offense characteristics and cross references.

The sentence imposed by the court was consistent with this provision. The guidelines directed the court to apply the four-level enhancement for abduction of the victim. This did not constitute "cumulative punishment" because the base offense level for sexual abuse was determined without regard to whether or not the victim was abducted. As we previously noted, the Commission clearly intended that the court consider the guideline for a more serious offense when a victim was kidnapped to facilitate that offense. We reject appellant's argument that the district court misapplied the guidelines. Also, we reject the argument that the guidelines established by the Sentencing Commission were in excess of its statutory authority.

### Conclusion.

We find no error in the conviction or the sentence. Accordingly, the judgment of the district court is AFFIRMED.

SEYMOUR, Circuit Judge, dissenting:

I am not yet satisfied that the district court has articulated sufficient findings to support its decision to partially close the trial during some of the testimony. Specifically, I do not think the court's findings "indicate the court was concerned that *this particular witness was susceptible to harm* from testifying" in open court. *See supra* at 1390. I therefore respectfully dissent.

As we pointed out in *United States v. Galloway*, 937 F.2d 542 (10th Cir.1991), a partial closure requires a lesser showing of government interest than a total closure. Whereas a judge may not close a courtroom to all spectators in the absence of an "overriding interest," a "substantial reason" will suffice for the exclusion of some part of the public. Here, the trial court on remand stated its interest in "protecting the victim" in view of the fact that "failure to partially close the trial *could harm* the victim in view of her age and the nature of the crimes charged." (emphasis added) No doubt protecting a witness is a substantial reason for closure; indeed, it may even be a compelling reason such as would support total closure in certain circumstances. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982) (compelling interest in protecting physical and psychological well-being of youthful witnesses); *Davis v. Reynolds*, 890 F.2d 1105, 1110 (10th Cir.1989).

The problem here is apparent from the district court's inability to say more than that public testimony *"could harm"* the witness. Having failed to inquire into the complainant's psychological background, her level of maturity and understanding, the interests of her parent and relatives, or even her desire that her testimony be secret or public, *see Globe Newspaper*, 457 U.S. at 608 and n. 21, 102 S.Ct. at 2621 and n. 21 (suggesting that some rape victims may desire to make testimony public), the court lacked any reason to believe that closure was desirable, let alone necessary, in this case. The court's findings state

only that the victim was a minor, that she lived with her parents (as in fact do most minors), and that the alleged crime involved sexual matters. In short, the trial court reveals nothing that we did not already know when we remanded the case. *Cf. Galloway,* 937 F.2d at 547 (court must make sufficient findings to allow reviewing court to determine if closure was proper). Instead of making findings specific to this victim, the court stated generalities applicable to all cases involving sexual offenses against minor victims. And while the age of the witness and the nature of the crime charged are appropriate factors for consideration, *Globe Newspaper,* 457 U.S. at 608, 102 S.Ct. at 2621, such considerations "support a closure only when they form part of a careful case-by-case analysis of each individual situation." *Davis,* 890 F.2d at 1110.

The deficiency here is not in the government's asserted interest, but rather in the continued failure of the trial court to demonstrate that *this* witness, in *this case* was susceptible, vulnerable, or in need of protection. "Without any inquiry or findings concerning the *specific condition of the witness in this case,*" a closure order "is essentially equivalent to the blanket legislative closure rejected [by the Supreme Court] in *Globe Newspaper.*" *Davis,* 890 F.2d at 1111 (emphasis added). The lower standard applicable to partial closures reduces the necessary showing of reasons from "compelling" to "substantial," but it in no way relieves the court of its duty to evaluate the needs and desires of the particular witness in a given case.

The differences between this case and other cases where closures have been upheld are instructive. In *Nieto v. Sullivan,* we affirmed the court's decision to exclude the defendant's relatives during the testimony of a witness who told the judge he feared retribution. 879 F.2d 743, 749–51 and nn. 11, 13 (10th Cir.), *cert. denied,* 493 U.S. 957, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989). The Ninth Circuit upheld a partial closure when the trial judge observed a rape victim's "apprehension in testifying before [the defendant's] family members", who were "making faces and giggling during her testimony." *United States v. Sherlock,* 865 F.2d 1069, 1077 (9th Cir. 1989). In the same vein, we reversed the conviction of a defendant whose trial for rape was totally closed during the complainant's testimony only because the victim was a minor and the defendant would not be prejudiced. *Davis,* 890 F.2d at 1108–1111. Unlike *Nieto* and *Sherlock,* we have here only the abstract potential for harm, and no indication that this particular witness would have suffered incrementally from testifying in public, *see Globe Newspaper,* 457 U.S. at 607 n. 19, 102 S.Ct. at 2620 n. 19 (measure state's interest in protecting against incremental injury of testifying in public).

It may be that the trial court failed to make the requisite findings because it could no longer do so; the court apparently did not conduct a relevant inquiry at the time of trial, and evidence may since have become unavailable. This is unfortunate, but it is totally irrelevant to our consideration of the legal issue presented here. The law on trial closures has been evolving for some time, and it has been clear with respect to a defendant's Sixth Amendment rights since the Supreme Court's 1984 decision in *Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). Reversal is the appropriate remedy for a violation of a defendant's Sixth Amendment right to a public trial, *Davis,* 890 F.2d at 1111; *see Waller,* 467 U.S. at 49 n. 9, 104 S.Ct. at 2217 n. 9, and I would grant it to Mr. Galloway along with a remand for a new trial.