**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Don GALLOWAY,**
**Defendant–Appellant.**

No. 93–4169.

United States Court of Appeals,
Tenth Circuit.

Aug. 19, 1994.

George Don Galloway, pro se.

Scott M. Matheson, Jr., U.S. Atty. and Tena Campbell, Asst. U.S. Atty., for plaintiff-appellee.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Appellant George Don Galloway appeals from the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I. BACKGROUND

Appellant was convicted of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and sentenced to life imprisonment. The facts concerning his conviction, which are not relevant to this appeal, are set out in *United States v. Galloway*, 937 F.2d 542 (10th Cir.1991), and *United States v. Galloway*, 963 F.2d 1388 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992). Mr. Galloway appealed his kidnapping conviction on several grounds, and this court affirmed in part and remanded the case to the district court for resentencing. *Galloway,* 937 F.2d at 542. After the district court made specific findings and resentenced appellant, he again appealed, and this court affirmed the district court in full. *Galloway,* 963 F.2d at 1388. Appellant then petitioned the district court for relief from his conviction pursuant to 28 U.S.C. § 2255. The district court denied Mr. Galloway's petition, and this pro se appeal followed.

Appellant presents four arguments on appeal: (1) that his counsel at trial was constitutionally deficient; (2) that the jury was improperly impaneled because it lacked any African Americans; (3) that three members of the jury were unfairly biased; and (4) that

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

there was insufficient evidence presented at trial to sustain his conviction.

## II. DISCUSSION

■ We address appellant's last three claims first. Appellant acknowledges that he did not raise these claims—that the jury was improperly impaneled, that some of the jurors were biased, or that the evidence was insufficient to sustain his conviction—on direct appeal. This court will therefore review these claims in a collateral action under section 2255 only if the appellant demonstrates either (a) cause for his failure to present the claim on appeal and prejudice suffered therefrom, or (b) that our failure to review the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993).

Appellant presents no cause for his failure to assert these claims on direct appeal. Rather, he contends that the errors in his trial present "a fundamental defect which inherently results in a complete miscarriage of justice" and are "inconsistent with the rudimentary demands of fair procedure."

■ The standard for demonstrating a "fundamental miscarriage of justice" is, as the words connote, quite stringent. It is not enough for appellant merely to establish that, absent the error, he would have been acquitted (i.e., his "legal innocence"). Rather, appellant must make a colorable showing of factual innocence. *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."); *Steele v. Young,* 11 F.3d 1518, 1522 & n. 8 (10th Cir.1993). In the context of a noncapital case, this means appellant must make a colorable demonstration that he is factually innocent of the offense for which he was convicted. *United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993).

■ In this case, appellant has not met this exacting burden. While it is conceivable that the alleged errors asserted by appellant may have affected the outcome of his trial,

such a claim, without more, does not demonstrate a "fundamental miscarriage of justice." Because appellant has failed to make a colorable showing of his factual innocence, he is barred from making these claims in a collateral attack on his conviction pursuant to section 2255.

We next turn to appellant's claim that he received ineffective assistance of counsel at trial. Appellant contends that defense counsel was constitutionally deficient in nine respects, namely by: (1) failing to protect appellant's right to trial by an impartial jury; (2) failing to challenge the racial composition of the jury; (3) failing to exclude potentially biased jurors; (4) failing to confer with appellant concerning appellant's testimony at trial; (5) failing to confer with appellant as to defense's stipulation of prior crime evidence; (6) failing to object to the admission of medical evidence; (7) failing to object to the admission of witness testimony; (8) failing to object to the jury's potential use of books regarding rape and kidnapping; and (9) failing to properly investigate the case.

Appellant has already once claimed that he received ineffective assistance of counsel at trial, but he did so on different grounds than those asserted here. On direct appeal, appellant argued that his counsel was constitutionally deficient because counsel informed the jury of his numerous prior convictions. *See Galloway,* 937 F.2d at 544. This court rejected that claim, finding that the counsel's actions "did not undermine the proper functioning of the adversary process; on the contrary, they were informed strategic choices." *Id.* at 545.

■ In *Beaulieu v. United States,* 930 F.2d 805 (10th Cir.1991), this court established that "[t]he preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. § 2255." *Id.* at 806; *see also Clark v. Tansy,* 13 F.3d 1407, 1413 (10th Cir.1993) ("[T]he preferred procedure for reviewing ineffective assistance of counsel claims is to bring them by way of habeas corpus or other supplemental proceedings in the trial court rather than as a part of the direct appeal."). There are two reasons for

the *Beaulieu* rule. First, "ineffectiveness claims frequently require consideration of evidence not contained in the record on direct appeal." *Beaulieu*, 930 F.2d at 807. Postponement of ineffectiveness claims until collateral proceedings thus encourages the development of a factual record concerning the requisite elements of the claim, such as "the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." *Id.* The second reason is that a defendant cannot be expected to effectively assert an ineffectiveness claim on direct appeal where he is represented on appeal by the very counsel he claims was ineffective at trial. *See Guinan v. United States*, 6 F.3d 468, 471 (7th Cir.1993) (Where defendant "was represented on appeal by the very lawyer who he now claims did not represent him effectively at the trial, then he could not as a practical matter have raised the ineffective assistance claim on direct appeal.").

■ This preference for reviewing ineffective assistance claims on collateral attack, however, does not necessarily require us to review appellant's claim here. As we stated in *Beaulieu*, a defendant may be barred from bringing an ineffective assistance claim in a section 2255 action "where the defendant [was] no longer represented by trial counsel [on direct appeal] and it [was] evident that resolution of the ineffectiveness claim would not be substantially aided by further development of the record." 930 F.2d at 807. A defendant is required to assert his ineffectiveness claim on direct appeal where the reasons for postponing the claim until collateral proceedings are not present. *Id.* at 807–08 ("[T]he bar applies to claims that clearly should have been brought on direct appeal.").

In this case, appellant was represented by different counsel on direct appeal than at trial. He decided to go forward with an ineffectiveness claim in his direct appeal based on the factual record developed at that time. Appellant's claim was fully and fairly litigated, and he lost on the merits. *Galloway*, 937 F.2d at 542.

■ If a defendant is represented by different counsel on appeal than at trial, and he makes an ineffectiveness claim on direct appeal that is fully and fairly litigated, then the preference announced in *Beaulieu* favoring the hearing of ineffectiveness claims in a collateral proceeding no longer applies. A defendant deciding to go forward with an ineffectiveness claim on direct appeal must assert in that appeal all grounds for claiming ineffectiveness that could reasonably have been raised at that time. A defendant who has lost an ineffectiveness claim on direct appeal may not raise a second ineffectiveness claim in a section 2255 action unless he can show cause for having failed to include the grounds for the new ineffectiveness claim in his direct appeal. *See United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.) (defendant who "already has presented a claim of ineffective assistance of counsel to the court of appeals unsuccessfully" cannot present an ineffectiveness claim on collateral attack " 'unless there is some good reason for reexamining it' ") (quoting *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir.1986)), *cert. denied*, 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991).

■ Of course, the standard for a defendant to be able to present an ineffectiveness claim in a section 2255 action based on the *same grounds* as those asserted in an unsuccessful direct appeal is much higher. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989); *see also United States v. Gordon*, 4 F.3d 1567, 1570 n. 2 (10th Cir. 1993) ("[B]ecause we address Defendant's ineffective assistance of counsel claims on direct appeal, Defendant is foreclosed from pursuing 28 U.S.C. § 2255 review of these same issues in the future."), *cert. denied*, — U.S. —, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994).

■ Appellant's ineffectiveness claim is based on grounds different than those alleged in his ineffectiveness claim on direct appeal. He has made no showing of cause, however, for his failure to include these nine new allegations of ineffectiveness in his di-

rect appeal. Moreover, each of the nine grounds on which he asserts his trial counsel was ineffective reasonably could have been raised at that time. Having obtained new counsel on direct appeal and having brought and lost an ineffective assistance claim in that appeal, appellant is now barred from asserting it here.

For these reasons, the ruling of the district court denying appellant's claims under 28 U.S.C. § 2255 is **AFFIRMED**.