F I L E D
United States Court of Appeals
Tenth Circuit

APR 4 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES EDWARD COUNTS,

    Defendant-Appellant.

No. 99-1255
(D.C. No. 97-CR-391-S)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ALARCON**,[**] and **PORFILIO**, Circuit Judges.

After entering a bargained plea of guilty to an information charging a

misdemeanor offense under the Lacey Act[1] in exchange for dismissal of a pending felony

charge, Charles Edward Counts now seeks to vacate his misdemeanor guilty plea

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Arthur L. Alarcon, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1] 16 U.S.C. § 3372(a)(2) and § 3373.

"because of the insufficiency of the evidence to support the *indictment.*"  (emphasis added).  Despite this unique approach, ***Boykin v. Alabama,*** 395 U.S. 238 (1969); ***North Carolina v. Alford***, 400 U.S. 25 (1970); ***United States v. Broce***, 488 U.S. 563 (1989); and our cases of ***United States v. Davis***, 900 F.2d 1524, 1526 (10th Cir. 1990), and ***United States v. Robertson***, 45 F.3d 1423, 1434-35 (10th Cir. 1995), make the effort specious. We affirm.

The proper disposition of this case has been obscured because Mr. Counts' arguments rest largely upon facts not in the record before us or presented to the district court during the guilty plea hearing.[2]  The only facts which are of significance here are those contained in the stipulation which is part of the plea agreement entered into by the defendant and the government.  Those facts are:

> During June and July 1995, Defendant Charles Edward Counts bought and sold Ranching for Wildlife permits in Colorado.  In that capacity, Defendant Counts accepted payments for such permits from hunters who wished to hunt antelope on the Bitterbrush Ranch.  During the summer 1995 Ranching for Wildlife antelope season, Defendant Charles Edward Counts received money from co-defendant Robert G. Clark, in exchange for which Defendant Charles Edward Counts assisted Clark in hunting antelope on the Bitterbrush Ranch.  Clark killed two buck antelope during this hunt.  On July 18, 1995, Defendant Counts accepted a check drawn on Clark's Kansas bank account payable to Defendant Counts in the amount of $1,640 in exchange for an antelope hunting permit.  Clark legally killed the first antelope.  Defendant Charles Edward Counts aided and

---

[2] Appellant has appended a substantial number of untabulated pages to his brief upon which he relies for some of the statements of fact in his brief.  We see no evidence of those materials being presented to the district court at the time of sentencing. Moreover, the appendix does not comply with 10th Cir. R. 30.1.

abetted Clark's acquisition of a third-party's license for the second antelope. Defendant Counts contends that of the $1,640 payment he received from Clark, $1,500 was payment for the hunting permit on the first antelope, which was legally taken. Defendant Counts further contends that the remaining $140 of the $1,640 payment he received from Clark was paid by Counts to the third party as reimbursement for the third-party's hunting license. The Defendant helped Clark remove the illegally taken antelope from the field and helped Clark obtain taxidermy services on the antelope by affixing the third party's antelope license to the animal. Defendant Counts arranged for a third party to deliver the animal for taxidermy services under the pretense that the third party had killed the animal. Defendant Counts further assisted in the transport of the illegal antelope by taking delivery of the mounted illegal antelope in February 1996 and delivering it to a residence in Steamboat Springs [Colorado] expecting that Clark would receive it. Clark subsequently transported the mount from Colorado to Kansas. During these events Defendant Charles Edward Counts knew that the taking of the second antelope was in violation of Colorado law.

Mr. Counts and others were initially indicted upon several counts of violating the Lacey Act, with Mr. Counts being named in a single felony count. After filing a number of pretrial motions, some of which challenged the sufficiency of the indictment and the constitutionality of the Lacey Act, Mr. Counts entered into plea negotiations. Under the terms of an agreement ultimately reached, Mr. Counts agreed to plead guilty to a misdemeanor in exchange for the dismissal of the felony count.[3]

---

[3] During oral argument, Mr. Counts' counsel, arguing the lack of jurisdictional facts in the charge, stated the "plea statement" contained "Mr. Counts' scribblings on it saying 'I did not get any financial gain.'" We find no "scribblings" of any kind on the plea agreement submitted to the district court. Indeed, the plea agreement itself states, "[t]he parties have further stipulated there was a commercial purpose involved in the commission of the offense." Again during oral argument, counsel contended Mr. Counts disputed, at the plea hearing, the existence of a commercial purpose. That representation is not borne out by the transcript of the hearing; however, resolution of the dispute is

(continued...)

On February 4, 1999, a change of plea hearing was held in open court, in which Mr. Counts pled guilty to a single count in the information. That count charged:

> On or about and between June 27, 1995 and February18, 1996, within the State and District of Colorado, and elsewhere, CHARLES EDWARD COUNTS, defendant herein, *did knowingly transport and sell in interstate commerce* between Colorado and Kansas wildlife, to wit: one buck antelope, when, in the exercise of due care, he should have known said wildlife had been taken in violation of and in a manner unlawful under Colorado law, specifically, Colorado Revised Statutes, Section 33-6-107(3) and 109(1), all in violation of the Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).[4]

(emphasis added).

The record discloses the district court carefully and in detail followed the provisions of Fed. R. Crim. P. 11 and accepted Mr. Counts' plea. Based upon the pre-sentence investigation, Mr. Counts was ultimately sentenced to probation with a four month period of home detention.[5]

After sentencing, Mr. Counts filed a *pro se* motion for arrest of judgment which the district court denied as untimely. Trial counsel filed a notice of appeal and was permitted to withdraw. We appointed new counsel for Mr. Counts who filed this appeal. Counsel now contends Mr. Counts "pled guilty after being advised by [trial] counsel that

---

[3](...continued) irrelevant.

[4] Neither party included a copy of the information in its appendices; therefore, we have acquired it and have made it a part of the record.

[5] Although not clear in the record, we assume the indictment and the felony count were dismissed at this point in accordance with the provisions of the plea agreement.

his conduct clearly violated the provisions of the Lacey Act."[6]  She therefore maintains

Mr. Counts was not provided with adequate representation and the original indictment

and felony charge should be dismissed.

Interestingly, counsel attacks neither the knowing or voluntary aspects of the plea

nor the agreement.  Instead, the entire challenge is aimed at the lack of evidence of a

violation of the Lacey Act on the face of the indictment.  We regard this as curious simply

because it would appear the indictment has been dismissed by agreement, and Mr. Counts

admitted his guilt to a misdemeanor charging the offense in the language of the applicable

statutes.  Thus, whether the indictment was sufficient is academic.

Nonetheless, counsel vigorously argues there was no "showing" that the acts

committed by the defendant involved interstate commerce.  She states the only evidence

presented to the district court indicated all of Mr. Counts' relevant conduct was in

intrastate commerce.  Not only does that argument overlook and avoid the contrary

admission of Mr. Counts which is contained in the plea agreement stipulation, but it also

fails to recognize the controlling effect of his voluntary guilty plea.

First, "[a] guilty plea 'is more than a confession which admits that the accused did

various acts.'" **Broce**, 488 U.S. at 570 (quoting **Boykin**, 395 U.S. at 242).  "It is an

'admission that he committed the crime charged against him.'" **Id**. (quoting **Alford**, 400

U.S. at 32.).  "By entering a plea of guilty, the accused is not simply stating that he did the

---

[6]  There is no factual support in the record for this statement.

discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Id.*

Thus, by operation of law the guilty plea constitutes a waiver of any defense except an attack upon the jurisdiction of the district court. Indeed, in *Davis*, we said "[b]y entering a voluntary plea of guilty, [the defendant] waived all nonjurisdictional defenses." 900 F.2d at 1525-26 (citation omitted). In *Tollett v. Anderson*, 411 U.S. 258 (1973), the Court observed:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Id.* at 267. "In other words, 'the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel.'" *United States v. Coffin*, 76 F.3d 494, 497 (2nd Cir. 1996) (citing *Tollett*, 411 U.S. at 265).

Second, Mr. Counts mistakenly contends an element of the crime the government has to prove at trial must be "shown" by the prosecution in the course of the valid acceptance of a plea. That position is in open conflict with the preceding authorities. Moreover, it also overlooks Mr. Counts' knowing admission in the plea agreement that

one of the elements of the charge to which he would plead was that his criminal conduct involved acts in interstate commerce.

Finally, the information to which he entered his plea recited the defendant's acts were committed in interstate commerce. Because his guilty plea constitutes an admission of the "substantive crime," **Broce**, 488 U.S. at 762, his present argument is disingenuous.

In sum, the arguments raised by the appellant simply ignore the posture of this case and the effect of the guilty plea. Moreover, they are based primarily on factual assertions not supported by the record. Whether the indictment properly stated an offense or whether the Lacey Act, or its application to this case, can pass constitutional muster,[7] is not justiciable and in law beyond Mr. Counts' reach. Moreover, his guilty plea stands as an admission of the essential facts of the offense to which he pled, and he cannot now argue to the contrary.

Mr. Counts' argument relating to his right to counsel is likewise without foundation in this appeal. Even assuming that issue could be somehow conflated into the motion in arrest of judgment (which it cannot) so that it could now be argued that the issue was presented to the district court, it still cannot be raised here. "We have consistently held that the preferred method for challenging the effectiveness of counsel is by collateral attack pursuant to 28 U.S.C. § 2255, because such claims often require

---

[7] Although these contentions appear in the briefs, counsel stated at oral argument those issues were not a part of the case.

consideration of evidence not contained in the record on appeal." ***Robertson***, 45 F.3d at 1434 (citing ***United States v. Galloway***, 32 F.3d 499, 501-02 (10th Cir. 1994)) (citing ***Beaulieu v. United States***, 930 F.2d 805, 806-07 (10th Cir. 1991)). Just as counsel here makes representations about poor advice or misleading information trial counsel must have provided, "[t]here is nothing in the record before us bearing on whether, and under what circumstances those representations were made." ***Id.*** at 1435. Moreover, although appellate counsel contends in her reply brief Mr. Counts did not knowingly and intelligently waive his right to appeal because he was "not properly informed about the elements of a Lacey Act violation or about the limits of congressional authority," there is no record support for that argument either. The judgment of the district court is therefore **AFFIRMED**.

ENTERED FOR THE COURT


John C. Porfilio
Senior Circuit Judge