**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE DON GALLOWAY, also
known as Saul D. Davis,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 01-4191
(D.C. No. 01-CV-383-S)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

On November 1, 2000, the Sentencing Commission adopted Amendment

591 to the Sentencing Guidelines, which in pertinent part amends certain

guidelines to provide "that the sentencing court must apply the offense guideline

referenced in the Statutory Index for the statute of conviction."  United States

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Sentencing Comm'n, Guidelines Manual Supplement to Appendix C at 31 (2002); U.S.S.G. § 1B1.10(c) (Amendment 591 may be applied retroactively). Mr. Galloway then moved to modify his sentence under 18 U.S.C. § 3582(c)(2). He claimed that although his offense of conviction was kidnapping (U.S.S.G. § 2A4.1), he was actually sentenced under the guideline applicable to sexual abuse (U.S.S.G. § 2A3.1), resulting in a higher offense level. The district court denied the motion on the merits, concluding that Amendment 591 could not be retroactively applied to Mr. Galloway's sentence because it did not apply. R. Docs. 6, 11. We conclude that we have jurisdiction over the district court's August 28, 2001 order, R. Doc. 11, and we review its determination de novo. See United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

We agree with the district court. Appendix A plainly references U.S.S.G. § 2A4.1 for a kidnapping offense under 18 U.S.C. § 1201(a). As we discussed in United States v. Galloway, 963 F.2d 1388, 1391 (10th Cir. 1992), § 2A4.1 required that where another offense had been committed, the guideline for that other offense should be applied if it resulted in a higher offense level. That is what occurred here–the district court applied U.S.S.G. § 2A3.1 for sexual abuse, but only after being directed by § 2A4.1 to do so. Amendment 591 did not eliminate the court's responsibility to apply appropriate cross-references. See U.S.S.G. § 1B1.1(b). This is not a situation where the district court exercised

discretion in selecting the appropriate guideline from Appendix A, an approach somewhat restricted by Amendment 591.

AFFIRMED.  We grant Mr. Galloway's motion to proceed IFP.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge