**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6497**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHERRELL GARY BRINKLEY,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:91-cr-00131-GCM-1)

Submitted: October 14, 2016          Decided: October 25, 2016

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sherrell Gary Brinkley, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Jennifer Marie Hoefling, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherrell Gary Brinkley appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion, in which Brinkley sought a reduction of his 360-month sentence based on Amendment 591 of the U.S. Sentencing Guidelines. We affirm.

Amendment 591 was promulgated "to emphasize that the sentencing court must apply the offense Guideline referenced in the Statutory Index for the offense of conviction." United States v. Grecco, 342 F. App'x 739, 745 (3d Cir. 2009) (No. 08-4102) (internal quotation marks and alteration omitted). Contrary to Brinkley's position, the Amendment does not foreclose a sentencing court, once it determines the appropriate offense Guideline based on the Statutory Index, from applying any cross-reference sanctioned by that Guideline. Id. at 745-46; see also United States v. Hurley, 374 F.3d 38, 40 (1st Cir. 2004); Galloway v. United States, 62 F. App'x 261, 262 (10th Cir. 2003) (No. 01-4191). In Brinkley's case, the Guideline applicable to his 18 U.S.C. § 922(g) (2012) conviction, U.S. Sentencing Guidelines Manual § 2K2.1 (1989), expressly stated that a cross-reference might apply. See USSG § 2K2.1(c). The district court did not err in applying the cross-reference for murder.

Because Amendment 591 did not, as Brinkley contends, preclude the use of cross-references, we affirm the denial of

2

the § 3582(c)(2) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED