UNITED STATES of America, Appellee,

v.

Clarence A. MOORE, Appellant.

No. 88–2392.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1989.

Decided April 11, 1989.

K. Louis Caskey, Kansas City, Mo., for appellant.

David Detar Newbert, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.

FAGG, Circuit Judge.

A jury found Clarence A. Moore guilty of possessing cocaine with the intent to distribute. *See* 21 U.S.C. § 841(a)(1) (1982); 21 U.S.C. § 841(b)(1)(B) (Supp. IV 1986). Moore appeals. He argues the district court committed reversible error by refusing to suppress evidence obtained by the Government in conjunction with an airport search of Moore's bag. We affirm.

Moore arrived at the Kansas City International Airport on a flight from Los Angeles, California, a drug-source city. Carl Hicks, an experienced agent with the Drug Enforcement Administration (DEA), observed the flight's arrival. Moore was the first person to exit the plane. He carried one bag and had no checked luggage. Immediately after leaving the plane, Moore

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

hurried from the terminal to the public sidewalk outside.

Hicks, who was dressed in casual clothes, approached Moore on the sidewalk. Two local plainclothes officers remained in the background. Speaking in a conversational tone, Hicks told Moore he was a police officer and showed Moore his badge. Hicks then asked if he could speak with Moore. In doing so, Hicks did not touch Moore or attempt to stop him from walking away. Moore agreed to talk with Hicks.

Hicks then asked Moore for his plane ticket and some identification. Moore gave Hicks his plane ticket, but stated he had no identification. Hicks noticed the plane ticket had been purchased with cash on the day of the flight. Hicks returned the ticket. After again identifying himself, Hicks asked if he could search Moore's bag. Moore consented.

Finding no drugs in the outside compartments of the bag, Hicks asked Moore if he could search the inside compartments. Moore consented, but stated he wanted to move inside the airport terminal. Because Hicks had no area reserved inside the terminal, he suggested the search continue on the public sidewalk where the men stood or in his nearby van. Moore reiterated that he wanted to move inside the terminal. Hicks then found an office in which to complete the search.

Inside the bag, Hicks found a large quantity of cocaine and asked Moore if he owned the drugs. Moore said no. Hicks then arrested Moore and took him to the DEA office near the airport. After receiving *Miranda* warnings, *see Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), Moore made several incriminating statements about his drug activities.

On appeal, Moore argues the district court should have suppressed this evidence. First, Moore contends that his contact with Hicks escalated into an investigatory stop and that Hicks did not have reasonable, articulable suspicion to support the stop. Thus, Hicks violated the fourth amendment. *See Reid v. Georgia*, 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980) (per curiam); *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). We disagree.

Not every police-citizen encounter implicates fourth amendment concerns. *United States v. Miller*, 835 F.2d 187, 189 (8th Cir.1987). Here, as in *Miller*, "[t]he initial contact and the consensual conversation that followed constituted a permissible encounter under the fourth amendment, and thus, we need not reach the question of reasonable suspicion." *Id.; see United States v. Campbell*, 843 F.2d 1089, 1093 (8th Cir.1988); *United States v. Pantazis*, 816 F.2d 361, 363 (8th Cir.1987). Further, during the consensual conversation, Moore voluntarily consented to the search of his bag. *See Miller*, 835 F.2d at 189. The district court properly denied Moore's motion to suppress the cocaine.

Second, Moore contends the district court should have suppressed his pre-*Miranda* statement denying ownership of the cocaine. Moore points out that Hicks failed to give *Miranda* warnings before asking Moore if the cocaine belonged to him. Further, Moore apparently argues this failure taints his later statements given at the DEA office after *Miranda* warnings.

We need not reach the merits of Moore's contentions. In light of the overwhelming evidence of Moore's guilt, we find any error harmless beyond a reasonable doubt. *See Flittie v. Solem*, 775 F.2d 933, 943–44 (8th Cir.1985) (en banc) (admission of statement obtained in violation of *Miranda* constitutes harmless error when remaining, independent evidence overwhelmingly supports defendant's conviction), *cert. denied*, 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986); *United States v. Packer*, 730 F.2d 1151, 1157 (8th Cir.1984).

Affirmed.