UNITED STATES of America, Appellee,

v.

Loyal JONES, Appellant.

UNITED STATES of America, Appellee,

v.

Herbert BRANDENBURG, Appellant.

UNITED STATES of America, Appellee,

v.

Willie RICKS, Sr., Appellant.

Nos. 93–2305—93–2307.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1993.

Decided Feb. 9, 1994.

Counsel who presented argument on behalf of the appellant was William Pearson, Clarksville, AR, for appellant Jones; Naif Khoury, Fort Smith, AR, for appellant Brandenburg; Bill Reynolds, Fort Smith, AR, for appellant Ricks.

Counsel who presented argument on behalf of the appellee was David Ferguson, Fort Smith, AR.

Before McMILLIAN and MAGILL, Circuit Judges, and JACKSON,[*] District Judge.

MAGILL, Circuit Judge.

A jury found Loyal Jones, Herbert Brandenburg, and Willie Ricks, Sr., guilty of manufacturing marijuana in violation of 21 U.S.C. § 841(a) (1988) and 18 U.S.C. § 2 (1988). Each defendant appeals his conviction on the ground that there was insufficient evidence to support the jury's verdict. Additionally, Jones asserts that the district court[1] erred in admitting into evidence his alleged involuntary confession, and Brandenburg argues that the court erred in failing to grant his motions for a severance and to suppress evidence. We affirm.

## I. BACKGROUND

On July 22, 1992, a United States Forest Service officer found two marijuana patches in the Ozark National Forest. The patches were about 150 yards apart, contained over one hundred marijuana plants, and were both equipped with water barrels, chicken wire, mulch, and fertilizer. On August 2, several officers inspected the patches and discovered that someone had harvested several plants and done some weeding. Officers then in-

---

[*] THE HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1] The Honorable Jimm L. Hendren, United States District Judge for the Western District of Arkansas.

stalled a motion-activated surveillance camera on August 11; the camera captured two individuals, and possibly a third, tending the plants.

On August 21, six officers conducted surveillance of one of the patches and a nearby public road. At about 9:15 p.m., Officer Carl Turpin saw a dark-colored Ford pickup truck containing three people drive past his station toward the marijuana patches. Officer Fred Goldthorpe, stationed down the road from Officer Turpin, observed a truck with three people in it stop near his location soon after the time a truck had passed Officer Turpin. He heard people get out of the truck and talk. He also heard what sounded like plastic buckets banging together and people walking toward the patches. The truck started up again and drove away. Several vehicles drove by Officers Turpin and Goldthorpe during the more than seven hours that they conducted surveillance that day and evening.

Two officers positioned about sixty feet from one patch then observed two people enter the patch carrying lights and some buckets, at least one of which was red. The individuals went back and forth between the water barrels and the marijuana plants. The officers, however, could not see the faces of the suspects or identify them by sight. After the subjects left the patch and headed toward the road, the officers inspected the plants and confirmed that they had just been watered.

Officer Goldthorpe then heard two people return from the direction of the patches. He observed the pickup truck return and the individuals put what sounded like plastic buckets in the truck. The truck then drove past his station with three people in it. Officer Turpin saw the same truck he had seen earlier, and fitting the description of the one that had driven past Officer Goldthorpe, now drive past his station in the opposite direction. He radioed Franklin County police officers participating in the investigation, who stopped the truck and identified the occupants as Herbert Brandenburg, Willie Ricks, Sr., and Loyal Jones. Officers placed the three men under arrest and searched the truck. Among the items the officers found in the back of the truck were two portable lamps, camouflage clothing, and two five-gallon plastic buckets, one of which was white and one of which was red, that were wet inside.

While officers were completing a search of Brandenburg, Jones began running down the road with handcuffs on. A deputy sheriff pursued Jones and shot him with a .12 gauge shotgun.[2] Officers called an ambulance, which took Jones to a hospital. Doctors treated him and released him to the custody of the sheriff early in the morning of August 22. After repeated questioning that same day, Jones signed a confession admitting his involvement in the growing operation. Pursuant to a search warrant, officers also conducted a search of Ricks' house and found marijuana in a suitcase that belonged to Ricks' son.

The district court denied pretrial motions to suppress Jones' confession and the evidence obtained from Ricks' house and motions to sever. The court also denied each defendant's motion for a judgment of acquittal at the close of the prosecution's case. The jury convicted each defendant of aiding and abetting the manufacture of marijuana. The defendants now appeal.

## II. DISCUSSION

### A. Sufficiency of the Evidence

The defendants first argue that the district court erred in denying their motions for judgments of acquittal because there was insufficient evidence to support their convictions in this case. Our standard for reviewing the sufficiency of the evidence is familiar. We view the evidence in the light most favorable to the government, giving it the benefit of all inferences that may logically be drawn from such evidence. *United States v. Brown*, 921 F.2d 785, 791 (8th Cir.1990). We must sustain the verdict if it is supported by substantial evidence, *id.*, and may only reverse if we find that a reasonable jury could not have found the defendant guilty beyond a

---

2. Jones claims that he was shot intentionally. An Arkansas state police investigation concluded that the shooting was accidental. We intimate no opinion on this dispute.

reasonable doubt. *United States v. Temple*, 890 F.2d 1043, 1045 (8th Cir.1989). Each element of a crime, including intent, may be proven by circumstantial evidence. *United States v. Lanier*, 838 F.2d 281, 283 (8th Cir.1988).

The indictment charged the defendants with aiding and abetting each other in the manufacture of marijuana in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. The elements of the crime of manufacturing marijuana are listed in the statute: "[I]t shall be unlawful for any person [ (1) ] knowingly or intentionally ... [ (2) ] to manufacture ... [ (3) ] a controlled substance." 21 U.S.C. § 841(a). "The term 'manufacture' means the production ... of a drug," *id.* § 802(15), and the term " 'production' includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." *Id.* § 802(22).

The parties agree that marijuana is a controlled substance and that the evidence was sufficient to prove that the patches in the forest contained marijuana plants. Moreover, there was testimony that a truck containing three people stopped on a road near two marijuana patches; that two individuals got out and walked toward the patches carrying night lights and plastic buckets, one of which was red; that, although the officers could not identify them, the two people carrying buckets went to one patch and walked back and forth between water barrels and the marijuana plants with the buckets; that officers inspected the plants after the suspects left and concluded that the suspects had watered the plants; that the same truck returned to the spot where it had dropped off two people and picked up two people who were returning from the direction of the patches; that the two individuals placed buckets in the back of the truck; that moments later officers stopped a truck fitting the description of the one that had just picked up the two people and arrested the occupants, who were identified as the defendants; and that there were wet red and white buckets, camouflage clothing, and night lights in the back of the truck. We find that this evidence sufficiently supports the defendants' convictions for intentionally manufacturing marijuana within the meaning of 21 U.S.C. § 841(a).

This is so even though there was also testimony that Brandenburg was the driver of the truck. Although the jury could have found that he did not actually tend the plants, Brandenburg's participation as a cultivator of marijuana is not a prerequisite to his liability as a principal to the crime of intentionally manufacturing marijuana. A party who aids and abets a crime under 18 U.S.C. § 2 is liable as a principal. To prove aiding and abetting, the prosecution must show that each defendant "associated himself with the unlawful venture"; "participated in it as something he wished to bring about"; and "sought by his actions to make it succeed." *Lanier*, 838 F.2d at 284. Even if the prosecution introduced no evidence that Brandenburg physically tended the plants as the others did, the evidence discussed above was sufficient for the jury to find that he drove the truck and did so willingly to further the success of the operation as an aider and abetter. Similarly, the evidence was also sufficient to support the convictions of Ricks and Jones for aiding and abetting each other and Brandenburg in the violation of § 841(a). Thus, we hold that the district court did not err in denying the defendants' motions for judgments of acquittal.

### B. Jones' Confession

■ Jones next argues that the district court erred in admitting into evidence his signed statement confessing to participation in the marijuana-growing venture. The district court denied Jones' motion to suppress, finding that the statement was not obtained in violation of his constitutional rights. Jones asserts that his confession was involuntary under the totality of the circumstances because he had diminished capacity to resist pressure to confess and police questioned him frequently at odd hours and made false promises of leniency to him. Even assuming Jones is correct, we find that his conviction stands because failing to suppress the confession, in this case, was harmless error.

In *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991), the Supreme Court held that a trial court's admission of an involuntary confession is subject to harmless error review on

appeal. An error is harmless only if it is "'clear beyond a reasonable doubt that the jury would have returned a verdict of guilty'" absent the error. *United States v. Barnhart,* 979 F.2d 647, 652 (8th Cir.1992) (quoting *United States v. Hasting,* 461 U.S. 499, 510–11, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96 (1983)).

Since *Fulminante,* no Eighth Circuit case has applied harmless error analysis to admission of an involuntary confession. *Cf. United States v. Moore,* 872 F.2d 251, 252 (8th Cir. 1989) (applying harmless error analysis to admission of incriminating statements defendant made without receiving *Miranda* warnings). We analyze this question realizing that "[a] confession is like no other evidence" because it is "'probably the most probative and damaging evidence that can be admitted against [a defendant].'" *Fulminante,* 499 U.S. at 296, 111 S.Ct. at 1257 (quoting *Bruton v. United States,* 391 U.S. 123, 139, 88 S.Ct. 1620, 1630, 20 L.Ed.2d 476 (1968) (White, J., dissenting)). It is also the case, however, that an error is harmless if it was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *Yates v. Evatt,* 500 U.S. 391, ——, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991), *overruled on other grounds by Estelle v. McGuire,* —— U.S. ——, —— n. 4, 112 S.Ct. 475, 482 n. 4, 116 L.Ed.2d 385 (1991). Outside of the confession, the main evidence that the prosecution offered against Jones was the testimony of the Forest Service officers as to their observations while conducting surveillance.

This evidence was, of course, circumstantial evidence that required the jury to make inferences to convict Jones. We have recognized, however, that "[c]ircumstantial evidence is 'intrinsically as probative as direct evidence' and may be the sole support for a conviction." *United States v. McCrady,* 774 F.2d 868, 874 (8th Cir.1985) (quoting *United States v. Two Eagle,* 633 F.2d 93, 97 (8th Cir.1980)). To convict Jones based on this evidence, the jury had to believe that the pickup truck that police stopped was the same one that Officer Turpin had seen drive toward and return from the direction of the marijuana patches and that Officer Goldthorpe had seen drop off two individuals carrying plastic buckets and it had to believe that the two individuals carrying the buckets were the same people that the other officers had seen tending the plants. We believe that the presence of the wet buckets in the truck when police stopped it and the officers' respective descriptions of the truck and suspects they saw and the times at which various events occurred leads to the inescapable conclusion that the defendants were the individuals who had cultivated the marijuana. Especially given the wet red bucket, which was virtual "smoking gun" evidence, the confession was a relatively unimportant aspect of the prosecution's case. *See Yates,* 500 U.S. at ——, 111 S.Ct. at 1893. We are convinced beyond a reasonable doubt, in light of this clear evidence, that the jury would have convicted Jones even absent his confession.

### C. Brandenburg's Motions to Suppress and Sever

In his brief, Brandenburg claims that "[t]he trial court erred in denying [his] motion[s] to suppress and sever." Appellant's Br. at 20. His discussion then focuses on the argument that the court should have granted him a separate trial because of the risk that the jury would use the marijuana police obtained in their search of Ricks' house against him. To the extent he asserts that the district court erred by failing to suppress the marijuana, Brandenburg lacks standing to challenge the search because he had no legitimate expectation of privacy in Ricks' house. *See United States v. Gutberlet,* 939 F.2d 643, 646 (8th Cir.1991).

As to his claim that the district court should have granted his motion for severance, our standard of review is well established. "The determination of a motion for severance is left to the sound discretion of the trial court, and will not be reversed absent a showing of abuse of discretion resulting in clear prejudice." *United States v. Mason,* 982 F.2d 325, 327 (8th Cir.1993). The general rule is that "'persons ... jointly indicted on similar evidence from the same or related events should be tried together.'" *United States v. Jones,* 880 F.2d 55, 63 (8th Cir.1989) (quoting *United States v. Adkins,* 842 F.2d 210, 211 (8th Cir.1988)).

To prevail on his claim that the evidence from Ricks' house "spilled over" and preju-

diced him, Brandenburg must show that the jury was unable to " 'compartmentalize the evidence' " as it related to each defendant. *Id.* (quoting *Adkins,* 842 F.2d at 212). He has failed to make such a showing. This was a short, uncomplicated trial with only three defendants. Moreover, the court gave proper cautionary instructions directing the jury to consider the marijuana seized from Ricks' house only against Ricks. Under these circumstances, we believe that the jury was able to compartmentalize this solitary piece of evidence and consider it only in reference to Ricks. Thus, we hold that the district court did not abuse its discretion in denying Brandenburg's motion to sever.

## III. CONCLUSION

For the foregoing reasons, we affirm the convictions of the defendants.