UNITED STATES of America, Appellee,

v.

Alexander CRUZ–ROJAS a/k/a Alexander Rojas–Cruz; Reinaldo Narvaez–Maisonet a/k/a Reinaldo Maisonet–Narvaez, Defendants–Appellants.

Nos. 95–1711, 96–1066.

United States Court of Appeals, Second Circuit.

Argued Aug. 5, 1996

Decided Nov. 29, 1996.

Michael P. Schiano, Rochester, NY, and Paul G. Carey, Syracuse, NY, for Appellants.

John G. Duncan, Assistant United States Attorney for the Northern District of New York, Syracuse, NY, Thomas J. Maroney, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Before CALABRESI and PARKER, Circuit Judges, and POLLAK, Senior District Judge.*

LOUIS H. POLLAK, District Judge:

Alexander Cruz–Rojas and Reinaldo Narvaez–Maisonet appeal from convictions following their guilty pleas before Judge Scullin in the United States District Court for the Northern District of New York. Both defendants pleaded guilty to (1) aiding and abetting each other in knowingly and intentionally possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) aiding and abetting each other in knowingly and intentionally possessing a controlled substance—marijuana—in violation of 21 U.S.C. § 844 and 18 U.S.C. § 2; (3) aiding and abetting each other in knowingly using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2; and (4) using property subject to forfeiture—Narvaez-Maisonet's car—to facil-

* Honorable Louis H. Pollak of the United States District Court for the Eastern District of Pennsyl- vania, sitting by designation.

itate the cocaine crime, pursuant to 21 U.S.C. § 853. We have decided all but one of the issues raised by their appeals by a summary order filed today. *See United States v. Cruz–Rojas,* Nos. 95–1711; 96–1066, 1996 WL 690008 (2d Cir. [date filed]) (unpublished disposition). We write separately to address appellants' challenge to the validity of their § 924(c)(1) convictions in light of *Bailey v. United States,* —— U.S. ——; 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

## I. BACKGROUND

On September 20, 1994, Cruz–Rojas and Narvaez–Maisonet were driving on the New York State Thruway toward Boston when New York State Trooper Mark Fleming stopped them for speeding. Cruz–Rojas, the driver, told Fleming that Narvaez–Maisonet, the passenger, owned the car. Upon checking a driver's license supplied by Cruz–Rojas, Fleming discovered that Cruz–Rojas was wanted by the United States Marshal's Office for escape. Fleming radioed for backup, handcuffed Cruz–Rojas, and placed him in the patrol vehicle. When a second patrol vehicle arrived, Fleming removed Narvaez–Maisonet from the car and placed him in the second patrol vehicle. Fleming then searched the interior of the car and noticed a partially disconnected interior door panel. When he pushed the panel aside, he discovered a towel wrapped around a brick of white powder that was later determined to be cocaine. He then arrested both Cruz–Rojas and Narvaez–Maisonet for possession of a controlled substance. An hour later, at the State Police substation in Syracuse, the car was searched again; more cocaine and a small quantity of marijuana were discovered.

Cruz–Rojas and Narvaez–Maisonet were originally charged in a three-count indictment which alleged possession and intended sale of cocaine and marijuana and which sought forfeiture of Narvaez–Maisonet's car. Months later, when officials conducted another search of the car, they discovered a gun under the dashboard. The government then filed a superseding indictment with *four* counts, adding to the two drug counts and the forfeiture count the charge that Cruz–Rojas and Narvaez–Maisonet, aiding and abetting each other, knowingly used and carried a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. The appellants pleaded guilty to all four counts. Narvaez–Maisonet was sentenced to 120 months, and Cruz–Rojas was sentenced to 180 months. Both are currently serving their sentences.

## II. DISCUSSION

■ Cruz–Rojas and Narvaez–Maisonet argue that their convictions for "using and carrying" a firearm in relation to a drug trafficking crime should be reversed because they did not actively employ the firearm found in the car. We reject the defendants' argument in the form in which it is presented. Nonetheless, we conclude that the record contains insufficient evidence of a factual basis to support the charge of "carrying" a firearm, and therefore remand to the district court for an evidentiary hearing. Our reasons are as follows:

### A.

■ In *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court held that for a conviction under the "use" prong of 18 U.S.C. § 924(c)(1) to stand, "the Government must show active employment of the firearm." *Id.* at ——, 116 S.Ct. at 506. Because it is clear that Cruz–Rojas and Narvaez–Maisonet did not actively employ the gun during the commission of their drug trafficking crime, *Bailey* fatally undermines their conviction insofar as it was based on *use* of a firearm.

However, Cruz–Rojas and Narvaez–Maisonet also pleaded guilty to *carrying* a firearm under § 924(c)(1). Specifically, at their joint plea hearing Cruz–Rojas agreed that "aiding and abetting each other, [he did] knowingly use and carry a firearm," Gov't App. at 13, and Narvaez–Maisonet agreed that he committed the crime of "aiding and abetting each other, using and carrying a firearm." Gov't App. at 21. The "carry" prong thus may provide an alternative basis for affirming their convictions under § 924(c)(1). *See Bailey,* —— U.S. at ——, 116 S.Ct. at 509.

Cruz–Rojas and Narvaez–Maisonet argue that in *Bailey* the Supreme Court meant, implicitly, to apply the "active employment" requirement not only to the "use" but also to the "carry" prong of 18 U.S.C. § 924(c)(1). Appellants cite no portion of the Court's opinion to support this claim, and nothing in that opinion bolsters their argument. To the contrary, the Court stated in no uncertain terms that a gun may be carried without active employment: "a firearm can be carried without being used, *e.g.*, when an offender keeps a gun hidden in his clothing throughout a drug transaction." *Bailey,* —— U.S. at ——, 116 S.Ct. at 507. Moreover, despite finding that Bailey did not actively use the firearm, the Court remanded the case to the court of appeals for consideration of the "carry" prong of § 924(c)(1) as a possible basis for upholding the conviction. *See id.* at ——, 116 S.Ct. at 509. We therefore cannot read *Bailey* to require that in order to be convicted of carrying a firearm in relation to a drug trafficking crime under § 924(c)(1), a defendant must be found to have actively employed the weapon.

## B.

Our determination that "carrying" does not require active employment does not end our inquiry, however. We must still ascertain whether the district court could properly conclude that an adequate factual basis supported the "carrying" pleas.

We acknowledge that, as Judge Friendly intimated, a court of appeals should avoid examining with "too high-powered a microscope" a district court's finding of guilt. *United States v. Jones,* 360 F.2d 92, 96 (2d Cir.1966), *cert. denied,* 385 U.S. 1012, 87 S.Ct. 721, 17 L.Ed.2d 549 (1967). In this case, however, a pivotal aspect of the applicable law changed after the defendants entered their pleas of guilt; the interests of justice therefore dictate that we inquire into the factual basis of the pleas. *Bailey* was decided on December 6, 1995. Cruz–Rojas and Narvaez–Maisonet had pleaded guilty the preceding July to using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1). At that time, under then-existing precedents, this case must have appeared to the prosecutor, defense counsel, and the district court as a standard "using" case. Because pleading guilty to "carrying" added nothing to the defendants' culpability, there would have been little reason in July 1995 for the court to elicit the facts necessary to determine whether a conviction under "carrying," as distinct from "using," could be sustained.

Now that *Bailey* has been decided, however, those facts become crucial. Federal Rule of Criminal Procedure 11(f) bars a district court from "enter[ing] a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The purpose of this requirement is to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." Advisory Committee on Rules Notes to 1966 Amendment to Rule 11.

Our task in determining whether a factual basis existed to sustain the convictions is aided by this court's recent explication, in *United States v. Giraldo,* 80 F.3d 667 (2d Cir.), *cert. denied,*—— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83, (1996), of the "carrying" prong of § 924(c)(1). *Giraldo* involved a gun stashed in a car's center console under the change dish. In reviewing the appeals of three defendants, all found in the same car, Judge Kearse addressed the factual support necessary to sustain a "carrying" conviction:

> In *United States v. Feliz–Cordero,* 859 F.2d 250 (2d Cir.1988) .... [w]e stated that "a person cannot be said to 'carry' a firearm without at least a showing that the gun is within reach during the commission of the drug offense." 859 F.2d at 253. If, however, during the predicate transaction a firearm was carried by, or was within reach of, one defendant but not another, that other defendant may be found liable for carrying the gun either on a *Pinkerton* theory, *see Pinkerton v. United States,* 328 U.S. 640, 646–648, 66 S.Ct. 1180, 1183–1184, 90 L.Ed. 1489 (1946) ..., or on an aiding-and-abetting theory.
>
> ....
>
> In addition to requiring proof of knowledge for conviction of aiding and abetting,

we have held that a defendant cannot be convicted of the use or carrying of a firearm in violation of § 924(c) on an aiding-and-abetting theory without "proof that he performed some act that directly facilitated or encouraged the use or carrying of a firearm." *United States v. Medina,* 32 F.3d 40, 45 (2d Cir.1994).

*Giraldo,* 80 F.3d at 676.

Applying these principles to the facts in the record, we find little evidence that the gun found in Narvaez–Maisonet's car was readily accessible to either man. The record provides only two indications of the gun's location. During the joint plea hearing, the prosecutor stated that the evidence would show that "some months later after [the car] was seized, a .45 caliber loaded pistol was discovered up under the dash of that vehicle." Gov't App. at 11–12. At Cruz–Rojas' sentencing hearing, the prosecutor added that the gun was found on the driver's side of the car. *See* Joint App. at 134. These two statements provide us with no information on whether the gun's positioning under the dashboard in fact provided easy access either to the driver or to the passenger. It may be, for instance, that the gun—which was sufficiently immured so that the police had not found it in two prior searches of the car— was behind a closed panel that required some effort to open.

Thus, unlike the situation in *Giraldo*—in which the court concluded that it could reasonably be inferred from the evidence that the gun was accessible to both of the front-seat occupants[1]—in this case the government's recital of what it was prepared to prove offered no substantial basis for an inference that, at the time Cruz–Rojas and Narvaez–Maisonet were apprehended, the gun was within the reach of Cruz–Rojas, let alone Narvaez–Maisonet. In fact, at Cruz–Rojas' sentencing, which occurred six days

after *Bailey* was decided,[2] Cruz–Rojas' counsel argued that the gun was not accessible to Cruz–Rojas, *see* Joint App. at 131, a contention to which the district court did not respond.

Each of the defendants pleaded guilty to knowingly using and carrying a firearm in relation to a drug trafficking crime.[3] Those guilty pleas had to include an admission by the defendants that they knew that both drugs and a weapon were present in the car at the time of the arrest. However, on the record before us, we cannot determine whether the gun was, in fact, accessible. Therefore, we cannot affirm the conviction against either defendant on a carrying theory.

Nor can either defendant's gun conviction be affirmed on an aiding-and-abetting theory: there has been no allegation that either defendant "performed some act that directly facilitated or encouraged the use or carrying of a firearm." *Giraldo,* 80 F.3d at 676. However, neither is it in the interest of justice to void defendants' pleas if there is evidence that the gun was, in fact, accessible. In light of the defendants' pleas to "using and carrying," and the sparseness of the record premised on pre-*Bailey* precedent, an evidentiary hearing will be necessary to elicit whether the pleas were supported in fact.

For these reasons, we will vacate the gun convictions—those based on Count 3 of the superseding indictment—and remand this case to the district court for a determination whether either or both of the convictions should be reinstated. This determination should follow an evidentiary hearing on whether the gun found under the dashboard was accessible to either or both of the defendants. *See* 28 U.S.C. § 2106. *Cf. Alessi v. United States,* 593 F.2d 476, 481–82 (2d Cir. 1979) (remanding with instructions to hold an

---

1. The evidence in *Giraldo* was: (1) testimony of the police officer who found the gun that the change dish was easily removed from the console, and (2) photographs showing that the console was between the two front seats. *See* 80 F.3d at 677. The court also found the evidence against the back-seat passenger "plainly insufficient," because "there was no evidence that he could have reached the gun in the cavity beneath

the change dish from where he sat." *See id.* at 676.

2. Narvaez–Maisonet was sentenced two days before the decision in *Bailey.*

3. Neither defendant makes any claim upon appeal that their pleas were not knowing or voluntary.

evidentiary hearing on the factual basis of a guilty plea to one count of an indictment).

## III. CONCLUSION

The convictions under 18 U.S.C. § 924(c)(1) are vacated and the case is remanded for further proceedings not inconsistent with this opinion.