**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARRY MCDONALD,

    Defendant-Appellant.

No. 96-1550
(D.C. No. 96-Z-244)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Appellant Larry McDonald ("McDonald") appeals from the district court's decision to dismiss his 28 U.S.C. § 2255 collateral attack on his 1990 conviction of carrying a firearm during the commission of a criminal offense in violation of 18 U.S.C. § 924(c). McDonald's § 2255 motion was filed in district court on

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

February 2, 1996.  As that date is prior to the April 24th, 1996 enactment of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he is not

required to seek a certificate of appealability from this court.  See Lindh v.

Murphy, 117 S.Ct.  2059, 2063-68 (1997).  Instead, we examine his appeal on the

merits.

McDonald's appeal presents two questions: (1) whether the law governing

the statutory term "carry" has changed during the period of time between

McDonald's direct appeal of his criminal conviction and his § 2255 challenge of

his sentence; and  (2) whether the trial court erred by failing to instruct the jury as

to the legal definition of the term "carry" under 18 U.S.C. § 924(c).


I.

In 1991, McDonald appealed his conviction to this court. United States v.

McDonald, 933 F.2d 1519 (10th Cir. 1991).  It is a well-established rule in this

circuit that § 2255 "'is not available to test the legality of matters which should

have been raised on appeal.'"  United States v. Allen, 16 F.3d 277, 378 (10th Cir.

1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)).

Under this rule:

> A defendant who fails to present an issue on direct appeal
> is barred from raising the issue in a § 2255 motion,
> unless he can show cause for his procedural default and
> actual prejudice resulting from the alleged errors, or

can show that a fundamental miscarriage of justice
will occur if his claim is not addressed.

Allen, 16 F.3d at 378. This rule is based upon the Supreme Court's holding in

United States v. Frady, 456 U.S. 152, 167-68 (1982). Therefore, in this action

McDonald carries the "exacting" burden of proving cause and actual prejudice or

the threat of a fundamental miscarriage of justice. See United States v. Galloway,

32 F.3d 499, 500 (10th Cir. 1994). McDonald fails to shoulder this heavy burden.

An intervening change in the law may serve as cause for this court to

consider a § 2255 challenge of a conviction affirmed on direct appeal. See United

States v. Pritchard, 875 F.2d 789, 790 (10th Cir. 1989). McDonald asserts that

the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995) is

intervening law that justifies reconsideration of this court's decision in

McDonald's direct appeal. However, Bailey did not alter the "carry" prong of

18 U.S.C. § 924(c). See United States v. Miller, 84 F.3d 1244, 1260 (10th Cir.

1996 ("We see nothing in Bailey that conflicts with our pre-Bailey "vehicular

carrying" line of cases."); United States v. Spring, 80 F.3d 1450, 1464-65 (10th

Cir. 1996)(listing pre- and post-Bailey cases illustrating that the "carry" prong of

§ 924(c) has remained unchanged).

In Spring we reiterated the rule in this circuit, undisturbed by Bailey, that

the term "carry" under § 924(c) involves "'two elements: possession of the

weapon through exercise of dominion or control; and transportation of the weapon." Id. at 1465 (quoting United States v. Martinez, 912 F.2d 419, 420 (10th Cir. 1990)).[1]  In Spring we reaffirmed our holding in McDonald's direct appeal that the term "carry" is satisfied if the defendant had easy access to and knowledge of the weapon's location. Spring, 80 F.3d at 1465 (citing McDonald, 933 F.2d at 1526).

In McDonald's direct appeal we held that there was sufficient evidence before the jury to convict McDonald of carrying a weapon under 18 U.S.C. § 924(c). Specifically, "[u]nder Defendant's seat was the loaded pistol with the butt pointing out for easy and quick access.  Defendant knew the weapon was there. . . . [C]onstructive possession is sufficient to sustain a firearm conviction." Id. at 1525 (citing United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir. 1989).  As the law of this circuit defining the "carry" prong of 18 U.S.C.

_____

[1] McDonald also argues that  the case of United States v. Cruz-Rojas, 101 F.3d 283 (2d Cir. 1996), provides intervening authority to support the appeal of his conviction. However, Cruz-Rojas states the same rule as followed in this circuit: under the "carry" prong of 18 U.S.C. § 924(c) the jury must find beyond a reasonable that the defendant transported and had easy access to the weapon in question. See id. at 286. Thus, Cruz-Rojas is not intervening law that would support an exception to the Frady rule.  What's more, in Cruz-Rojas the gun was secreted behind a "closed panel that required some effort to open."  In McDonald's case the gun was located underneath the front seat "for easy and quick access." McDonald, 933 F.2d at 1525.  Even if Cruz-Rojas were controlling law in this circuit it would not justify a reversal.

§ 924(c)(1) has not changed since McDonald's direct appeal, he fails to state an exception to the <u>Frady</u> rule preventing him from attacking that appeal via 28 U.S.C. § 2255. <u>See</u> <u>Prichard</u>, 875 F.2d at 790; <u>United States v. Miller</u>, 84 F.3d 1244, 1259-60 (10th Cir. 1996), *overruled on other grounds by* <u>United States v. Holland</u>, 116 F.3d 1353 (10th Cir. 1997) (noting that this circuit's pre-<u>Bailey</u> rule that "the government is required only to prove that defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so" was not altered by <u>Bailey</u>); <u>Cardenas</u>, 864 F.2d at 1535-36 (examining Congress's intent in using the word "carry" and determining that "carry" requires that the defendant both transport as well as exercise "dominion and control" over the weapon).

## II.

McDonald also argues that the trial court erred by failing to define the term "carry" in its instructions to the jury.[2] As stated above, this circuit's definition of the term "carry" has remained unchanged since the time McDonald was convicted. What's more, in his direct appeal, McDonald raised two other challenges to the jury instructions given at his trial. <u>McDonald</u>, 933 F.2d at 1526. Under the <u>Frady</u>

---

[2] The trial court instructed the jury that it must find beyond a reasonable doubt "that the defendant, on or about April 7, 1989, carried a firearm . And . . . that the defendant carried the firearm in relation to and during a drug trafficking crime for which the defendant may be prosecuted in a court of the United States."

- 5 -

rule, he should have raised this issue as well.  See <u>Allen</u>, 16 F.3d at 378. Therefore McDonald is barred from raising the issue of the court's jury instruction with regards to the term "carry" for the first time in this § 2255 action.

Finally, McDonald requests leave to proceed in forma pauperis. He has provided sufficient proof of his inability to pay the required fees and so may proceed in forma pauperis.

For the reasons mentioned above, McDonald's request to proceed in forma pauperis is GRANTED. The district court's judgment dismissing McDonald's 28 U.S.C. § 2255 motion is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge