**UNITED STATES of America,**
**Appellee,**

v.

**Hernandez GONZALEZ, Giovanni Ramirez, Harvey Lnu, Daniel Lnu, Defendants,**

**Leonardo Marualanda, also known as "Leo," Defendant–Appellant.**

**Docket No. 02–1324.**

United States Court of Appeals, Second Circuit.

March 21, 2003.

Stuart J. Grossman, Forest Hills, NY, for Appellant.

Robert P. Larusso, Assistant United States Attorney (Emily A. Berger, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

Present: OAKES, CABRANES, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is VACATED AND REMANDED.

Leonardo Marualanda appeals from his judgment of conviction and sentence entered by the district court on May 13, 2002 on the ground that the district court did not establish a sufficient factual predicate upon which to accept Marualanda's plea of guilty entered on October 22, 2001, as required by Fed.R.Crim.P. 11(f).

At Marualanda's plea allocution, the district court summarized the indictment, and questioned Marualanda about whether he understood each element of the charge of conspiracy. The court did not, however, inquire as to whether Marualanda admitted that he had committed each element as explained by the district court. Nor did it ask Marualanda to summarize what he had done in his own words, or ask the government to summarize what the evidence against Marualanda would show. At the end of the plea colloquy, the district court nonetheless concluded that there was a sufficient factual basis for the plea, and accepted Marualanda's plea of guilty to one count of conspiracy to distribute, and to possess with the intent to distribute, more than five grams of cocaine.

We review for abuse of discretion a district court's finding that the record furnishes a sufficient factual basis for a guilty plea. *United States v. Smith,* 160 F.3d 117, 122 (2d Cir.1998).

Fed.R.Crim.P. 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." This requirement is designed to ensure that before accepting a guilty plea, the judge will determine

> *"that the conduct which the defendant admits constitutes the offense charged* in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

*United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir.1997) (quoting *McCarthy v.*

*United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (quoting Fed. R.Crim.P. 11 Adv. Comm. Note (1966))); *accord United States v. Andrades,* 169 F.3d 131, 136 (2d Cir.1999).

Although this Court has held that where a "charge is uncomplicated, the indictment detailed and specific, and the [defendant's] admission unequivocal," a district court may satisfy Rule 11(f) by reading to the defendant each count of the indictment to which he is pleading and eliciting the defendant's admission as to each element of the count, *Smith,* 160 F.3d at 121 (quoting *Godwin v. United States,* 687 F.2d 585, 590 (2d Cir.1982)) (internal quotation marks omitted), and that the district court may also rely on facts put forward on the record by the Government or the defendant's attorney, *see Maher,* 108 F.3d at 1524–25, the plea colloquy below failed to establish a factual basis for the guilty plea because defendant's admission was not unequivocal. Indeed, the part of the plea colloquy relied on by the Government,[1] which immediately followed the court's explanation of the elements of conspiracy to Marualanda, appears to reiterate Marualanda's understanding of the charges against him, rather than his admission that he engaged in the activities alleged. Nor is it clear that the material the Government now argues could establish a factual basis for the plea was made a part of the record before the district court. In the absence of any evidence in the record below upon which the district court could have fulfilled its requirement under Rule 11(f) to ascertain that Marualanda's activities constituted the crime to which he pleaded guilty, we find that the district court's conclusion that there was a sufficient factual basis for the plea was erroneous. We further conclude that such failure here is not harmless error. *See Godwin,* 687 F.2d at 590–91.

"Generally, when the sentencing court has materially erred in giving the information required by Rule 11, we correct the error by giving the defendant an opportunity to enter a new plea on the basis of correct information." *United States v. Showerman,* 68 F.3d 1524, 1528–29 (2d Cir.1995) (citing *United States v. Story,* 891 F.2d 988, 996–97 (2d Cir.1989); *United States v. Alejandro,* 569 F.2d 1200, 1201–02 (2d Cir.1978) (per curiam)). We have held, however, that a Rule 11(f) failure may also be cured by remand to the district court for further factual development. *See United States v. Cruz–Rojas,* 101 F.3d 283, 286 (2d Cir.1996) (vacating a conviction entered pursuant to a guilty plea where there was an inadequate factual basis for the plea, and remanding for the district court to determine whether to reinstate the conviction following an evidentiary hearing if a factual basis for the plea were established); *Alessi v. United States,* 593 F.2d 476, 481–82 (2d Cir.1979) (remanding to the district court to allow the

---

1. The section of the colloquy the Government cites is as follows:

    THE COURT: Because if any one of those [elements] that the government doesn't prove beyond a reasonable doubt a jury would have to say you are not guilty.

    THE DEFENDANT: I understand that, your Honor.

    THE COURT: So in order to afford you—that you participated in this conspiracy.

    THE DEFENDANT: Right.

    THE COURT: And you knew the purpose of the conspiracy.

    THE DEFENDANT: Yes, your Honor.

    THE COURT: And you willingly were in the performance of it, right?

    THE DEFENDANT: Yes.

    (A 10–11).

government to demonstrate a factual basis for the plea because "there is some reason to believe that a hearing might develop ... that there was a factual basis for the [defendant's] plea"); *cf. Smith*, 160 F.3d at 121 & n. 1 (observing that Rule 11(f) allows a district court judge to "look to answers provided by counsel for the defense and government, the presentence report, 'or ... whatever means is appropriate in a specific case' – so long as the factual basis is put on the record" and noting that "[t]his flexibility differentiates Rule 11(f), which focuses on the *judge's* assessment that the facts of the case fit the elements of the crime, from Rule 11(c) which focuses on the *defendant* and his understanding of the proceedings and his rights" (quoting *Maher*, 108 F.3d at 1524) (emphasis in original)). Here, a limited remand is appropriate because the record establishes that Marualanda clearly understood the elements of the offense and his rights, but fails to convince us that the district court satisfied its Rule 11(f) obligations.

We therefore vacate the conviction and remand this case to the district court with instructions to reopen the plea allocution to augment the record to establish a factual basis for Marualanda's guilty plea. If such a factual basis is found on remand, the conviction shall be reinstated.