*United States v. Rosario*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
JOHN M. WALKER,
MICHAEL H. PARK,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                   No. 18-1739

LUIS ROSARIO, AKA LENTO,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant Luis Rosario: | J. SCOTT PORTER, Seneca Falls, NY. |
| For Appellee United States of America: | PAUL D. SILVER, Assistant United States Attorney (Carla B. Freedman, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions.

Luis Rosario appeals from a judgment of conviction entered by the United States District Court for the Northern District of New York (Suddaby, *C.J.*) after Rosario pleaded guilty to a two-count superseding information charging him with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 21 U.S.C. § 841(b)(1)(B), and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). We assume the parties' familiarity with the factual background of this case and the issues presented on appeal.

On April 4, 2017, Rosario delivered a quantity of cocaine to a co-conspirator at a house on Kellogg Street in Syracuse, New York. Federal agents surveilling that transaction also observed a white van parked at the corner of Massena and Kellogg Streets. About ten days later, they obtained a warrant and began GPS surveillance of the van. On May 9, 2017, federal agents executed a search warrant at Rosario's residence on Massena Street — around the corner and across the street, roughly speaking, from the house where Rosario had delivered the drugs one month earlier. Upon searching Rosario's Massena Street home, investigators found over $10,000 in cash and a key to the white van, which was parked in front of the home and which turned out to have been registered to Rosario's fiancée's company, for which Rosario had previously done some work. Rosario then admitted to an agent that "[t]he gun in the van is mine," explaining — in the agent's paraphrase — that "he didn't want his girlfriend to get in any trouble and that he carries the gun for protection."

2

Joint App'x 32. Just over one month later, Rosario entered into an agreement to plead guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 21 U.S.C. § 841(b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Four months after changing his plea to guilty, Rosario submitted a *pro se* letter seeking to withdraw his guilty plea because the government had allegedly failed to submit adequate evidence in support of his 18 U.S.C. § 924(c)(1)(A) conviction. The district court delayed sentencing to allow Rosario time to consider filing a formal motion to withdraw. Two months after he sent his *pro se* letter, Rosario filed a formal motion to withdraw. The district court denied the motion, citing Rosario's delay in bringing the motion to withdraw and record evidence that, in the district court's view, adequately established the elements of the § 924(c)(1)(A) charge. After the district court sentenced Rosario and entered judgment, this timely appeal followed.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In carrying out this obligation, a district court is "free to rely on any facts at its disposal," including information obtained by making an "inquiry . . . of the attorneys for the government." *United States v. Maher*, 108 F.3d 1513, 1524-25 (2d Cir. 1997).[1] Furthermore, Rule 11(b)(3) "does not require that the court be satisfied that a jury would return a verdict of guilty or that the court weigh evidence to assess whether it is even more likely than not that the defendant is guilty. Instead, Rule 11 requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading

---

[1] Unless otherwise indicated, when quoting cases, all citations, alterations, footnotes, emphases, and internal quotation marks are omitted.

guilty" such that, "were a jury to accept [those admissions] as fact . . . , a guilty verdict would follow." *United States v. Albarran*, No. 17-2018, 2019 WL 6044128, at *9 (2d Cir. Nov. 15, 2019).

On appeal, Rosario challenges the factual basis for his guilty plea to the charge of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A): Specifically, Rosario argues that the record as it stood in the district court did not contain facts sufficient to satisfy the "in furtherance of" element of that offense. We agree.[2]

Because "[a] gun may, of course, be possessed for any of a number of purposes, some lawful, others unlawful," *United States v. Chavez*, 549 F.3d 119, 130 (2d Cir. 2008), *abrogated on other grounds by Dean v. United States*, 137 S. Ct. 1170 (2017), Section 924(c)(1)(A)'s "in furtherance of" element cannot be satisfied "by relying on the generalization that any time a drug dealer possesses a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006). Instead, the "in furtherance of" element requires a "specific nexus between the charged firearm and the federal drug trafficking crime." *Chavez*, 549 F.3d at 130.

At the change-of-plea hearing on June 19, 2017, the government offered to prove the "in furtherance of" element "based on statements he made to law enforcement on May 9 at the time that he was arrested, as well as the evidence of his conduct in this cocaine trafficking conspiracy."

---

[2]     Rosario also challenges the district court's denial of his motion to withdraw his guilty plea. We review such denials for abuse of discretion. *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018). The district court considered the relevant factors and found that they weighed against granting Rosario's motion. Were we to agree with the district court's analysis of the "legal innocence" factor, we would find no abuse of discretion in in its overall conclusion, particularly in light of Rosario's six-month delay in bringing a formal motion to withdraw. Given our disagreement with the district court as to the factual basis for Rosario's plea, however, and given the possibility that the record might change after additional proceedings, we remand for such further consideration of Rosario's withdrawal motion as may be warranted under the circumstances.

The district court then asked Rosario how long he had known his co-conspirator, to which Rosario responded, "[a]bout a month." The district court asked how long Rosario had possessed the gun, to which he responded, "[c]lose to 90 days." Joint App'x 75.

This evidence established, at most, that Rosario possessed the gun during the time that he was engaged in a drug-trafficking conspiracy; that on May 9, 2017, he stored it in a locked van parked near his home; that the same van had also been parked — perhaps no more than a block away — near the site of his drug-trafficking activity more than a month before; and that his reason for possessing the gun was for protection. But "the government cannot convict under § 924(c)(1)(A) by relying on the generalization that any time a drug dealer possesses a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs." *Snow*, 462 F.3d at 62. Because the evidence in the record at the time of the change-of-plea hearing established only that Rosario possessed the gun while simultaneously engaging in a drug-trafficking conspiracy, the record as it then stood lacked a factual basis for the "specific nexus" between the gun and the drug-trafficking offense that would be required to support a plea to possession "in furtherance of" such an offense.

On October 25, 2017 — at a conference originally scheduled for sentencing, but ultimately focused on Rosario's *pro se* letter asking to be permitted to withdraw his plea — the government informed the district court that "in conducting surveillance that was completely connected to intercepted phone calls where it was fully believed that the defendant was meeting with — to conduct drug business, he was seen in [the] van." Joint App'x 93. Those statements are, of course, suggestive of the existence of surveillance records that would at least connect Rosario's use of the van to his drug trafficking activity. Even if that would suffice to establish a factual basis for Rosario's plea, however, the relevant statements were not on the record "at the time of the plea,"

5

*Maher*, 108 F.3d at 1524; instead, they were made at a conference four months later. "[T]he factual basis for the plea must be developed on the record at the time the plea is taken, therefore, statements put on the record after this point, including at the plea-withdrawal proceeding are irrelevant to our inquiry." *United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006). We therefore do not address whether the government's reference to surveillance data would suffice to connect Rosario's possession of the firearm to his drug-trafficking activity.

Nevertheless, the government's statements at the October 25 conference provide "some reason to believe" that additional proceedings below "might develop . . . that there was a factual basis for the plea." *Alessi v. United States*, 593 F.2d 476, 481 (2d Cir. 1979). Consistent with our past practice, we therefore find it appropriate to vacate Rosario's conviction and remand the case with instructions to reopen the plea allocution to determine whether a factual basis exists to support his conviction. If a satisfactory basis is found on remand, the district court shall reinstate the conviction. *See* 28 U.S.C. § 2106; *United States v. Gonzalez*, 62 F. App'x 374, 376-77 (2d Cir. 2013); *United States v. Cruz-Rojas*, 101 F.3d 283, 286-87 (2d Cir. 1996).

For the reasons stated herein, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6